UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Armstrong,

      Plaintiff,

          Civ. No. 10-1340 (RHK/JJG)
          **ORDER**

v.

Target Corporation,

      Defendant.

---

Anthony Armstrong, Minneapolis, Minnesota, Plaintiff *pro se*.

Brian A. Wood, Eric J. Steinhoff, Laurie W. Meyer, Lind Jensen Sullivan & Peterson, PA, Minneapolis, Minnesota, for Defendant.

---

  This matter is before the Court on a Motion for Summary Judgment by Defendant Target Corporation ("Target"). The detailed claims and factual allegations are discussed in two previous Orders and will not be repeated here. (See Doc. Nos. 30, 58.) In general, Plaintiff Anthony Armstrong alleges that Target discriminated against him in a place of public accommodation, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. The parties have undertaken some discovery, and Target now seeks summary judgment. For the reasons set forth below, the Court will grant its Motion.

  A party seeking summary judgment must show that there is no genuine issue of material fact or that there is no evidence to support the plaintiff's case. See Fed. R. Civ. P. 56(c)(1)(B); accord Webb v. Lawrence Cnty., 144 F.3d 1131, 1134-35 (8th Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Once it does so, the non-moving party "may not rest upon mere denials or allegations, but must instead set forth

CASE 0:10-cv-01340-RHK-JJG   Document 75   Filed 10/13/11   Page 2 of 3

specific facts sufficient to raise a genuine issue for trial." Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002) (citations omitted); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Where the non-moving party bears the burden of proof, as Armstrong does here, summary judgment is appropriate if he fails to "make a showing sufficient to establish the existence of an element essential to [his] case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (quoting Celotex, 477 U.S. at 322).

      Target argues there is an absence of any genuine issue of material fact on two of the three essential elements of his claim.  In order to establish *prima facie* discrimination under 42 U.S.C. § 2000a(a), Armstrong must show that: (1) he is a member of a protected group;[1] (2) he was similarly situated by circumstance to other individuals outside that group; and (3) he was treated more harshly or disparately than other similarly situated non-group members.  E.g., O'Neal v. Moore, Civ. No. 06-2336, 2008 WL 4417327, at *24 (D. Minn. Sept. 24, 2008) (Montgomery, J.), aff'd, 355 F. App'x 975 (8th Cir. 2009) (citations omitted).  Here, Target contends there is no evidence that Armstrong was similarly situated to other customers who were not members of his protected class, nor that he was treated disparately from such customers.

      In response, Armstrong proffers no evidence on either of the disputed essential elements, nor does he even *attempt* to argue that a genuine issue exists for trial.  Instead, he attacks the validity of his deposition, arguing it was conducted in "bad faith" and should not be considered because Target's attorney improperly inquired about his mental-health history and his client list as a "freelance paralegal" and because the deposition left

---

[1] Target does not dispute that Armstrong's race and ethnicity place him in a protected group(s).

2

him feeling traumatized.  However, even if the Court were to disregard Armstrong's deposition as he urges, his claim cannot survive.[2]  There is simply no evidence that he was similarly situated to other non-protected-class customers or was treated disparately from such customers, nor is there any evidence to dispute the facts in Target's affidavits.[3]  He baldly asserts that the way Target treated him was "beyond the norm," "unusually harsh," and not the way "[a]verage customers at the Target store" are treated (Suppl. Mem. in Opp'n 6), but these assertions are not based on any specific facts or firsthand knowledge.  Such conclusory allegations cannot overcome a summary-judgment motion.  See, e.g., Celotex, 477 U.S. at 323-24; Lawrence Cnty., 144 F.3d at 1134-35.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Target's Motion for Summary Judgment (Doc. No. 60) is **GRANTED**, and Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 13, 2011                         s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge

---

[2] The Court does not accept Armstrong's contentions; rather, it concludes that his claim fails *with or without* the deposition.  If the Court *does* consider the deposition, it finds admissions that Armstrong was not aware of "any other situation where [Target personnel] treated anybody differently than [him] in a similar situation," and that he has no evidence suggesting that Target's employees would have acted differently if he were another race.  (See Armstrong Dep. 111).

[3] Armstrong claims these affidavits constitute "perjury," but he offers no support for this allegation.  (See Suppl. Mem. in Opp'n 4.)  Moreover, credibility of affidavits is not assessed at summary judgment.  See, e.g., Davis v. Walt Disney Co., 430 F.3d 901, 905 n.4 (8th Cir. 2005) (noting it is inappropriate to assess affiants' credibility at summary-judgment stage).